**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**YELLOW BOOK USA, INC., et al.,**

    **Plaintiffs,**

**-v-**

**STEVEN M. BRANDEBERRY,**

    **Defendant.**

**Case No. 3:10-CV-025**

**Judge Thomas M. Rose**

**ENTRY AND ORDER OVERRULING BRANDEBERRY'S SECOND
MOTION FOR SUMMARY JUDGMENT (Doc. #19)**

  This matter comes now before the Court on Defendant Steven M. Brandeberry's ("Brandeberry's") Second Motion for Summary Judgment. (Doc. #19.) This Motion is now fully briefed and ripe for decision.

  Brandeberry's first Motion for Summary Judgment (doc. #13) was filed on March 3, 2010, which was approximately six (6) weeks after the Complaint in this matter was filed and approximately nine (9) weeks before the Preliminary Pretrial Conference. The Court overruled Brandeberry's first Motion for Summary Judgment without prejudice to renewal. (Doc. #17.) The Motion was overruled because genuine issues of material fact remained unresolved. The Court provided an "example" of some possibly relevant facts that were then currently missing.

  In his Second Motion for Summary Judgment, Brandeberry attempts to present the "missing" facts. However, some factual issues continue to be unresolved.

  Brandeberry's Second Motion says that Mr. Burkhalter developed the name AM/TEL and AM/TEL DIRECTORIES himself citing the Affidavit of Steve M. Brandeberry dated May 10, 2010. However, in this Affidavit, Brandeberry avers that, "Mr. Burkhalter used the AM/TEL

name and AM/TEL Directories for his company Area Marketing Telephone Directories, Inc." (Affidavit of Steve M. Brandeberry ("Brandeberry Aff.") ¶ 1 May 11, 2010.) There is a difference between developing a name and using a name. Thus, the Second Motion misstates what the evidence shows.

In addition, Brandeberry asserts that "this case involves the issue of interpretation of contracts. No number of witnesses can change the words used by the parties in their contract." He then goes on to present evidence that one of the contracts that he urges the Court to focus on, the "Contract for Sale of Assets," has some problems. To wit, Brandeberry says that his company's name is American Telephone Directories, Inc and that there never was a company named Amtel Directories, Inc. (Brandeberry Aff. ¶ 4.) He also says that, to his knowledge, there never was a company known as P.B.J. White Directories, LLC. (Brandeberry Aff. ¶ 5.) Yet, the "Contract for Sale of Assets," one of the contracts that Brandeberry urges the Court to focus on, is between AM-TEL Directories, Inc and P.B.J. White Directories, LLC. And, Brandeberry has signed this contract.

As before, issues of material fact continue to preclude summary judgment. Therefore, Brandeberry's Second Motion for Summary Judgment (doc. #19) is OVERRULED.

The Plaintiffs have sought additional time for discovery to respond to Plaintiff's Second Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(f). Since summary judgment is not granted at this time, additional discovery specifically regarding the Second Motion is not warranted at this time. However, this matter will continue to be processed in accordance with the Court's Preliminary Pretrial Order, which includes a discovery period.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Third day of June, 2010.

                   s/Thomas M. Rose

                _____
                   THOMAS M. ROSE
                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record