IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

YELLOW BOOK USA, INC. and
YELLOW BOOK SALES and
DISTRIBUTION COMPANY, INC.,

        Plaintiffs,

        vs.        Case No. 3:10-cv-025

STEVEN M. BRANDEBERRY,        Judge: THOMAS M. ROSE

        Defendant.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes the defendant through his counsel and moves for an order granting him summary judgment as to all claims of plaintiffs for the reasons stated in the accompanying memorandum.

        /s/ Darrell L. Heckman
        Darrell L. Heckman #0002389
        Attorney at Law
        Harris, Meyer, Heckman & Denkewalter, LLC
        One Monument Square, Suite 200
        Urbana, Ohio 43078
        (937) 653-4478
        Fax (937) 653-3293
        Email: dlhesq@urbanalegal.com
        Attorney for Defendant

## MEMORANDUM

### I. BACKGROUND

This is defendant's third motion for summary judgment. Defendant relies upon the affidavits of Steven M. Brandeberry from the two previous motions for summary judgment as well as the affidavit attached to this motion as evidentiary material. The deposition of Barney White has been taken and Brandeberry's affidavit includes reference to admissions by White in his deposition.

II    PRINCIPLES OF LAW

Defendant does not wish to be needlessly repetitive but feels it is important to re-reiterate the four axioms of law previously laid out:

1. No one can convey that which he does not own.

2. Right to use is not the same as exclusive right to use.

3. Where contracts are unambiguous, a court cannot create a new contract by finding intent not expressed in the language used by the parties.

4. Where terms of a contract are ambiguous they are construed most strongly against the drafter.

III.    FACTS RELEVANT TO PRINCIPLES OF LAW

Defendant deposed Barney White since the last summary judgment motion.  Mr. White acknowledged that <u>his</u> lawyer, not Brandeberry's prepared the "Contract for Sale of Assets" dated July 3, 2002 (Exhibit B attached to defendant's first motion for summary judgment.)  Mr. White also explained the mystery surrounding the distinction between P.B.J. White Directories, LLC which is the company that bought assets of Am-Tel and B.P. White Directories, LLC which is the company that sold assets to plaintiff. (Exhibit A attached to plaintiff's response to first motion for summary judgment.)  Mr. White stated that he was originally operating the business as P.B.J. White Directories, LLC but shortly after purchasing "Am-Tel" he transferred the assets to his new entity B.P. White Directories, LLC.

The key to this case is really simple.  White could not sell what it did not own and Yellow Book could not buy from White what White did not own.  The entire case collapses unless Yellow Book had the <u>exclusive</u> right to use the Am-Tel name, which it did not.

As pointed out in the original motion for summary judgment, Exhibit A, Herb Burkhalter sold the right to use the Am-Tel name, which he possessed, to American Telephone Directories <u>AND</u> Steve M. Brandeberry.  Thus both Mr. Brandeberry and his company had the right to use the name. American Telephone Directories, Inc. (mistakenly referred to as Am-Tel Directories, Inc.) sold the right to use, but not the <u>exclusive</u> right to use the name Am-Tel Directories to P.B.J. White Directories, LLC.  Again, this is logical since American Telephone Directories, Inc. could not sell the rights Steven Brandeberry owned individually.

The second paragraph of the contract states "(1) P.B.J. White Directories, LLC will acquire the assets, in their entirety, as set forth on the attached Exhibit "A", of AM-TEL DIRECTORIES, INC. and the right to use the name AM-TEL DIRECTORIES effective as of the 1st day of July, 2002"  The specific reference to the right to use the name over and above the list of assets attached as an exhibit show that the right to use was a specifically bargained for consideration.

"Right to use" is a distinctive concept from exclusive right to use.  One need look no further than franchisees of fast food restaurants to illustrate the value of non-exclusive right.

White's attorney drew up the contract and the word exclusive was not used.

IV. CONCLUSION

Applying the undisputable relevant principles of law to this case yields only one conclusion – Mr. Brandeberry has the right to use the Am-Tel name. Therefore the court should grant the motion for summary judgment.


        /s/ Darrell L. Heckman
        Darrell L. Heckman


### CERTIFICATE OF SERVICE

A copy of the foregoing pleading was served electronically to Bryce.Lenox@ThompsonHine.com, Attorney for Plaintiffs this ____11____ day of February, 2011.


        /s/ Darrell L. Heckman
        Darrell L. Heckman

# AFFIDAVIT

**State of Ohio**
**Champaign County SS**

Being duly sworn Steven M. Brandeberry says as follows:

1. I acquired the right to use the Am-Tel name, insignia and logo both individually and for American Telephone Directories, Inc. of which I was the controlling owner.

2. I have retained that right.

3. I never personally sold the right to the use of the Am-Tel name, insignia, or logo.

4. My Company, American Telephone Directories, Inc. sold the non-exclusive right to use the Am-Tel name, insignia and logo to P.B.J. White Directories, LLC.

5. Barney White admitted in his deposition that his lawyer prepared the contract for Sale of Assets dated July 3, 2002 and that is in fact true.

6. Barney White acknowledged that he owned both P.B.J. White Directories, LLC which was a party to the contract for sale of assets from American Telephone Directories, Inc. and B.P. White Directories, LLC which apparently acquired those rights.

7. I retain the non-exclusive right to use the Am-Tel name, insignia and logo.

_____
STEVEN M. BRANDEBERRY

Sworn to before me and subscribed in my presence this __11__ day of February, 2011.

_____
Notary Public

My commission expires: _no expiration_