UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **YELLOW BOOK USA, INC. et al.** | : | **Case No.: 3:10-cv-025** |
| **Plaintiffs,** | : | |
| | : | **Judge Thomas M. Rose** |
| v. | : | |
| | : | **PLAINTIFFS' MOTION FOR** |
| | : | **SUMMARY JUDGMENT ON** |
| **STEVEN M. BRANDEBERRY** | : | **COUNTERCLAIM OF DEFENDANT** |
| | : | **STEVEN M. BRANDEBERRY** |
| **Defendant.** | : | |

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs Yellow Book USA, Inc. and Yellow Book Sales and Distribution Company, Inc. (collectively "Yellow Book") hereby move for summary judgment upon the counterclaim of Defendant Steven M. Brandeberry. A Memorandum in Support is attached.

Respectfully submitted,

/s/ Bryce A. Lenox
Robert P. Johnson (0040109)
Trial Attorney
Bryce A. Lenox (0069936)
THOMPSON HINE LLP
312 Walnut Street, 14th Floor
Cincinnati, Ohio 45202
Telephone: 513-352-6700
Facsimile: 513-241-4771
Robert.Johnson@ThompsonHine.com
Bryce.Lenox@THompsonHine.com

**ATTORNEYS FOR PLAINTIFFS**

**MEMORANDUM**

**I.      INTRODUCTION**

The Plaintiffs, Yellow Book USA, Inc. and Yellow Book Sales and Distribution Company, Inc. (collectively, "Yellow Book") filed their Complaint in this action to stop Defendants Steven Brandeberry's and American Telephone Directories, Inc.'s unauthorized and improper use of Yellow Book's "Amtel Directories" name and marks. Defendant Brandeberry filed a counterclaim for defamation, asserting that Yellow Book employees purportedly made statements that "are willfully false relating to defendant Steven M. Brandeberry's honesty, reliability, trustworthiness and ability to use the Amtel name." Counterclaim, ¶ 3.

Yellow Book is entitled to summary judgment on Brandeberry's counterclaim on the grounds that Brandeberry cannot set forth facts in support of his allegations. There is simply no evidence in the record demonstrating that Yellow Book employees made defamatory statements. Moreover, to the extent that Brandeberry claims that the purported defamatory statements surrounded his inability to use the Amtel name and mark, then those statements are true and therefore protected speech.

**II.     FACTS AND PROCEDURAL HISTORY**

Yellow Book is an independent publisher of print and Internet-based yellow-pages directories in the State of Ohio and elsewhere throughout the United States. Affidavit of Maria Mitchell ("Mitchell Aff."), ¶ 2 (attached as Exhibit 1 to Yellow Book's Memorandum in Opposition to Motion for Summary Judgment filed on March 29, 2010 and incorporated by reference herein). The company's online directory, yellowbook.com, reaches millions of users via computers and mobile phones through

1

organic web searches and through Yellow Book's network of partner sites. Id. at ¶ 3. Since 2007, Yellow Book has published a yellow pages directory in Champaign County, Logan County, Union County and Madison County, Ohio under the name "Amtel Directories" through rights it acquired from B.P. White Directories, LLC. ("White") (See Plaintiffs' Motion for Summary Judgment relating to its claims, which is being filed concurrently herewith and incorporated by reference).

In July 2009, Brandeberry began marketing a competing yellow pages directory in Champaign County.  6/16/10 Deposition of Steven Brandeberry ("6/16/10 Brandeberry Dep."), p. 154-155.[1]  Brandeberry sent letters to approximately 160 businesses in Champaign County inquiring as to their interest in a new yellow pages directory in that market. Id. at pp. 156-59; Dep. Ex. 9.  In those letters, Brandeberry stated that he is "interested in publishing the AMTEL Champaign County Telephone Directory again," and asked these potential customers whether they would be willing to shift their advertising dollars "to a new Champaign County AMTEL Telephone Directory." See Dep. Ex. 9.

Brandeberry then began actively soliciting customers for his competing directory. He developed a mock-up of a book which he showed potential customers during sales calls, which used the Amtel name and marks. 6/16/10 Brandeberry Dep., p. 182-83.  He generated business cards, envelopes, business documents, contracts and other stationery that used the Amtel name and marks. Id. at pp. 170, 172, 189-90, 191, 192-93; Dep. Exs. 5, 11, 14, 15, 16, 17.  Brandeberry created marketing materials for potential customers using the Amtel name and mark. Id. at p. 184-85; Dep. Ex. 13.  In Brandeberry's

---

[1] A copy of Brandeberry's deposition is concurrently being filed with the Court.

2

correspondence with clients, he represented himself as the "publisher of American Telephone Directories, Inc. an Ohio based corporation known as AMTEL" and further asserted that he would be publishing a "full size and complete May, 2010 AMTEL Champaign County Telephone Directory." Id. at p. 199-200; Dep. Ex. 19.

In August 2010, Brandeberry began distribution of his competing yellow pages directory in Champaign County. 9/13/10 Brandeberry Dep., p. 261.  On the cover and throughout the directory, Brandeberry uses the Amtel name and marks. Id. at pp. 261-63; Dep. Ex. 28.

On January 22, 2010, Yellow Book filed a Complaint against Brandeberry, alleging claims for trademark infringement, common law trademark infringement, trademark infringement under Ohio's Deceptive Trade Practices Act, interference with business relations, misappropriation of trade secrets and unjust enrichment.[2]  On February 8, 2010, Brandeberry filed his answer, as well as a counterclaim for defamation, asserting that Yellow Book employees made false statements relating to Brandeberry's "honesty, reliability, trustworthiness and ability to use the Amtel name." Counterclaim, ¶ 3.

**III.  ARGUMENT**

    **A.  Brandeberry Has Not Set Forth Evidence to Support a Claim for Defamation**

Effective December 1, 2010, Rule 56 of the Federal Rules of Civil Procedure, addressing summary judgment, provides in relevant part as follows:

> (a) Motion for Summary Judgment or Partial  [*10] Summary Judgment.
> A party may move for summary judgment, identifying each claim or

---

[2] Yellow Book subsequently amended its Complaint to add American Telephone Directories, Inc. as a party.

3

> defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> \*\*\*
>
> (c) Procedures.
>
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

A movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). At that point, the nonmoving party has the burden to submit evidence in support of a claim on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. Id.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Here, the record is devoid of any evidence of defamation. In order to prove his claim, Brandeberry must demonstrate that a specific Yellow Book employee made a "false publication that injures a person's reputation, exposes him to public hatred,

4

contempt, ridicule, shame or disgrace, or affects him adversely in his trade or business." *Novotny v. Reed Elsevier*, 2007 U.S. Dist. LEXIS 66608, at *76-77 (S.D. Ohio Sept. 10, 2007) (Rose, J.); *Knox v. Neaton Auto Prods. Mfg.*, 375 F.3d at 460 (quoting *Sweitzer v. Outlet Communications, Inc.*, 133 Ohio App. 3d 102, 726 N.E.2d 1084 (Ohio Ct. App. 1999)). Brandeberry has not, and cannot, put forth such direct evidence. Indeed, Brandeberry does nothing more than allege a handful of purported statements by "Yellow Book sales people and managers." See Responses 17 to Yellow Book's First Set of Interrogatories (attached to 6/16/10 Brandeberry Dep. as Ex. 1). Brandeberry cannot attribute any of these purported statements to a specific Yellow Book employee, nor can he specify which statements were made to which customer. In fact, Brandeberry has not identified with specificity those customers to which defamatory statements were allegedly made. In sum, Brandeberry's bald allegations are not supported by the evidence in the record. Consequently, summary judgment on Brandeberry's defamation claim is warranted.

>    B.    **Yellow Book's Statements Are Truthful, and Therefore Not Defamatory**

"Truth is a complete defense to a claim for defamation." *Novotny*, 2007 U.S. Dist. LEXIS 66608, at *77 (citing *Ed Schory & Sons, Inc. v. Francis*, 662 N.E.2d 1074, 1083 (Ohio 1996).

To the extent that Yellow Book's purported statements relate to Brandeberry's ability to use the Amtel mark (as he specifically alleges in his counterclaim), then those statements are true. As set forth in Yellow Book's Motion to for Summary Judgment filed concurrently herewith, in July 2009, Brandeberry began marketing a competing yellow pages directory in Champaign County using Yellow Book's Amtel name and marks.

5

Brandeberry justified his use by asserting that he purportedly retained a non-exclusive right to use those marks when Brandeberry sold his yellow pages directory business to P.B.J. White Directories, LLC, who in turn sold the business to Yellow Book.

However, as set forth in Yellow Book's Motion for Summary Judgment, the clear and unambiguous language of the contract between Brandeberry and White states just the opposite, and demonstrates that Brandeberry transferred his <u>entire</u> interest in the Amtel name and marks to White, which in turn transferred them to Yellow Book. Thus, because Yellow Book has the exclusive right to use the Amtel name and marks, and since Brandeberry abandoned any right to use the Amtel name and marks, Brandeberry's entire defense fails. Thus, since Brandeberry's use of the Amtel name and marks infringes upon Yellow Book's trademark, any alleged statements concerning Brandeberry's misappropriation of the mark or inability to use the mark are true and therefore protected.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs Yellow Book USA, Inc. and Yellow Book Sales and Distribution Company, Inc. hereby request that the Court grant in its entirety their Motion for Summary Judgment as to Steven M. Brandeberry's counterclaim.

                                      Respectfully submitted,

                                      /s/ Bryce A. Lenox
                                      Robert P. Johnson (0040109)
                                      Trial Attorney
                                      Bryce A. Lenox (0069936)
                                      THOMPSON HINE LLP
                                      312 Walnut Street, 14th Floor
                                      Cincinnati, Ohio 45202
                                      Telephone: 513-352-6700
                                      Facsimile: 513-241-4771
                                      Robert.Johnson@ThompsonHine.com
                                      Bryce.Lenox@THompsonHine.com

7

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2011, a copy of the foregoing was served by the Court's electronic filing system upon the following:

    Darrell L. Heckman
    Harris, Meyer, Heckman & Denkewalter, LLC
    One Monument Square, Suite 200
    Urbana, Ohio 43078
    Attorney for Defendant

                                              /s/ Bryce A. Lenox
                                              Attorney for Plaintiffs

804019.1