UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| YELLOW BOOK USA, INC. et al. | : | Case No.: 3:10-cv-025 |
| Plaintiffs, | : | Judge Thomas M. Rose |
| v. | : | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THIRD MOTION FOR SUMMARY JUDGMENT** |
| STEVEN M. BRANDEBERRY et al. | : | |
| Defendants. | : | |

In the early stages of this litigation, Defendant Steven M. Brandeberry ("Brandeberry"), moved twice for summary judgment on the claims of Plaintiffs Yellow Book USA, Inc. and Yellow Book Sales and Distribution Company, Inc. (collectively, "Yellow Book"). Both times, Brandeberry asserted that his use of Yellow Book's "Amtel Directories" name and marks is justified because Yellow Book purportedly acquired a non-exclusive right in the Amtel name and marks.[1] This Court denied both motions, holding that questions of fact were present because no discovery had yet been taken.

Undaunted, Brandeberry has filed a third motion for summary judgment. He asserts the exact same argument found in both the first and second motions, yet cites no additional relevant evidence in support of his theory. Like the previous motions, Brandeberry's third motion for summary judgment must be summarily denied. As set forth in Yellow Book's Motion for Partial Summary Judgment, which was filed on February 18, 2011 and incorporated herein by reference to avoid extensive and repetitive

---

[1] For purposes of this Response, the "Amtel name and marks" include "Amtel Directories" and any derivation thereof, including "Am/Tel Directories" or "Am-Tel Directories."

1

briefing,[2] the contracts upon which Brandeberry relies clearly and unambiguously state that the "Amtel Directories" name and marks were transferred "in their entirety" by Brandeberry to P.B.J. White Directories, LLC ("White"), which in turn transferred them to Plaintiff Yellow Book USA, Inc. Such an interpretation is not only supported by the contract language itself, but also by extrinsic evidence, which demonstrates that the parties intended for all right, title and interest in the Amtel name and marks to be transferred from Brandeberry to White. See, e.g. 6/16/10 Brandeberry Dep., p. 99, 125-26, 128-29, 138-39; 9/13/10 Brandeberry Dep., p. 240; Dep. Ex. 26; 1/26/11 White Dep., pp. 25-26, 30-33; White Aff., ¶¶ 4, 5, 6, 10; Davidson Aff., ¶¶ 4-8. Finally, even assuming Brandeberry did retain some interest in the Amtel name and marks after his sale of assets to White, those rights were abandoned long ago due to non-use pursuant to 15 U.S.C. § 1127.

Because Brandeberry did not retain any right to the "Amtel Directories" name and marks, his third motion for summary judgment must be denied in its entirety. Conversely, Yellow Book's motion for partial summary judgment on its claims for federal, state and common law trademark infringement and intentional interference with business relations should be granted.

---

[2] Yellow Book also incorporates by reference its previously-filed memoranda in opposition to Brandeberry's first and second motion for summary judgment.

Respectfully submitted,


 /s/ Bryce A. Lenox
Robert P. Johnson (0040109)
Trial Attorney
Bryce A. Lenox (0069936)
THOMPSON HINE LLP
312 Walnut Street, 14th Floor
Cincinnati, Ohio 45202
Telephone: 513-352-6700
Facsimile: 513-241-4771
Robert.Johnson@ThompsonHine.com
Bryce.Lenox@THompsonHine.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 7, 2011, a copy of the foregoing was served by the Court's electronic filing system upon the following:

>Darrell L. Heckman
>Harris, Meyer, Heckman & Denkewalter, LLC
>One Monument Square, Suite 200
>Urbana, Ohio 43078
>Attorney for Defendants

                                      /s/ Bryce A. Lenox
                                      Attorney for Plaintiffs

805613.1