UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**YELLOW BOOK USA, INC., et al.,**

     **Plaintiffs,**

**-v-**

**STEVEN M. BRANDEBERRY,**

     **Defendant.**

Case No. 3:10-CV-025

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART YELLOW BOOK'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DAMAGES (Doc. #77)**

---

  Now before the Court is a Motion In Limine (Doc. #77) brought by Plaintiffs Yellow Book USA, Inc. and Yellow Book Sales and Distribution Company, Inc. (collectively referred to herein as "Yellow Book"). Yellow Book seeks to exclude any and all evidence or references by Counterclaim Plaintiff Steven M. Brandeberry ("Brandeberry") to special damages or any specific amount or range of damages that Brandeberry believes would remedy his Counterclaim for defamation. Brandeberry has responded (doc. #79) and Yellow Book has replied (doc. #81). The Motion In Limine is, thus, ripe for decision.

### RELEVANT LEGAL PROVISIONS

  The practice of ruling on motions in limine, although not specifically authorized by the Federal Rules of Evidence or the Federal Rules of Civil Procedure, has developed pursuant to the district court's inherent authority to manage the conduct of trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to permit the Court to decide evidentiary issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial.

*See Indiana Insurance Co. v. General Electric Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004)(citing *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997)). Decisions on motions in limine may also save the parties time and cost in preparing for trial and presenting their cases.

Evidence is generally admissible if it is relevant and not unfairly prejudicial. *Reed v. National Linen Service*, No. 97-5545, 1999 WL 407463 at *7 (6th Cir. June 2, 1999). However, because it is almost always better situated during the actual trial to assess the value and utility of evidence, a court is reluctant to grant broad exclusions of evidence in limine. *Koch v. Koch Industries, Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998), *aff'd in part and rev'd in part on other grounds*, 203 F.3d 1202 (10th Cir. 2000). A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Insurance*, 326 F. Supp.2d at 846. If this showing is not made, evidentiary rulings should be deferred and resolved in the context of the trial. *Id.*

Ultimately, whether a motion in limine is granted or overruled is a matter left to the sound discretion of the trial court. *See Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 643-44 (5th Cir. 2005). The pending Motion In Limine will be addressed keeping in mind that the overruling of a motion in limine at this stage in the proceedings does not necessarily mean that the subject evidence will be admissible in the context of the trial.

## RELEVANT CASE HISTORY

On June 8, 2008, Brandeberry filed a Counterclaim against Yellow Book for defamation. (Doc. #67.) Therein, Brandeberry sought $100,000 with interest on his Counterclaim.

Yellow Book then sought summary judgment on Brandeberry's Counterclaim. The Court

denied summary judgment finding that there are genuine issues of material fact for a jury to decide. The Court also determined that the type of defamation alleged by Brandeberry is defamation per se or defamation that is defamatory on its face. Yellow Book's remaining claims and Brandeberry's Counterclaim for defamation are scheduled for a jury trial beginning August 22, 2011.

## ANALYSIS

Yellow Book argues that Brandeberry should not be allowed to provide any evidence of damages or make any reference to damages during the trial because he did not set forth any evidence or proof of damages during discovery. Brandeberry responds that he has properly raised the issue of damages and has requested the amount of $100,000 in his Counterclaim and that is sufficient to enable him to argue that amount.

The type of defamation alleged by Brandeberry is defamation per se or defamation that is defamatory on its face. When a statement is defamation per se, a plaintiff may maintain an action for defamation and recover damages without pleading or proving special damages. *Wagner v. Circle W. Mastiffs*, 732 F. Supp.2d 792 (S.D. Ohio 2010)(citing *Becker v. Toulmin*, 138 N.E.2d 391, 395 (Ohio 1956)). Said another way, in cases of defamation per se, the law presumes the existence of damages. *Id.*(citing *Wampler*, 752 N.E.2d at n.8).

Ohio Jury Instructions on damages for defamation per se provide that the jury is to decide the amount of money that is reasonable and fair for Brandeberry's injuries directly caused by the alleged defamation. See O.J.I. CV 431.07(2). This instruction will presumably be given to the Jury. Finally, the notes to this instruction provide that, in defamation per se cases, "[w]hile no proof is necessary, the plaintiff may offer evidence about the amount of damages."

Brandeberry has not pled or identified any special damages. Thus, he is limited to seeking the amount of money that the jury decides is reasonable and fair for the alleged defamation per se and he may present evidence and argument regarding the amount of damages. The evidence will, of course, be subject to cross examination and rebuttal.

Yellow Book's Motion In Limine is granted in part and overruled in part. Brandeberry may not present evidence of special damages but he may discuss the amount of damages that is reasonable and fair for the alleged defamation per se in accordance with the jury instruction.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Eighth Day of July, 2011.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record